Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| EL PUEBLO DE PUERTO RICO<br><br>Peticionario<br><br>v.<br><br>ADOLFO VÁZQUEZ SÁEZ<br><br>Recurrido | TA2026CE00016 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Crim. núms.: ISCR202300851-855, I1TR202300051<br><br>Sobre: Art. 6.05 Ley 168; Art. 6.09 Ley 168; Art. 6.22 Ley 168; Art. 401 Ley 4; Art. 412 Ley 4; Art. 3.23 (A) Ley 22 |

Panel integrado por su presidente el juez Hernández Sánchez, el juez Rivera Torres y el juez Marrero Guerrero.

**Rivera Torres, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 15 de enero de 2026.

Comparece ante este tribunal apelativo, el Pueblo de Puerto Rico representado por la Oficina del Procurador General de Puerto Rico (el peticionario o el Procurador), mediante el recurso de *Certiorari* de epígrafe solicitándonos que revoquemos la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (TPI,) el 6 de octubre de 2025, notificada el día siguiente. Mediante este dictamen, el foro primario declaró *Ha Lugar* a las mociones de supresión de evidencia presentadas por los coacusados, el Sr. Adolfo Vázquez Sáez y el Sr. Luis Jabriel Irizarry López (coacusados o recurridos).

Por los fundamentos que expresaremos a continuación, desestimamos el recurso de *certiorari* solicitado.

### I.

El Ministerio Público presentó contra los coacusados denuncias en las que le imputó a ambos infracciones al Artículo 6.05

de la Ley núm.168-2019, según enmendada, mejor conocida como *Ley de Armas de Puerto Rico* (Ley núm. 168-2019), 25 LPRA sec. 466d; Artículo 6.09 de la Ley núm. 168-2019, 25 LPRA sec. 466h; Artículo 6.22 de la Ley núm. 168-2019, 25 LPRA sec. 466u; Artículo 401 de la Ley núm. 4 del 23 de junio de 1971, según enmendada, mejor conocida como la *Ley de Sustancias Controladas de Puerto Rico* (Ley núm. 23-1971), 24 LPRA sec. 2401; Artículo 412 de la Ley núm. 23-1971, 24 LPRA sec. 2412; y al Artículo 3.23(A) de la Ley núm. 22 de 7 de enero de 2000, según enmendada, mejor conocida como la *Ley de Vehículos y Tránsito de Puerto Rico* (Ley núm. 22-2000), 9 LPRA sec. 5073.

En lo aquí pertinente, el 26 de enero de 2024, los coacusados presentaron sus respectivas mociones de supresión de evidencia. En esencia, arguyeron que el testimonio que dio base a la expedición de la orden de registro y allanamiento era falso e insuficiente, pues, era en sí mismo contradictorio y cuyo único objetivo era justificar una expedición de pesca. Así, solicitaron al tribunal la supresión de la evidencia ilegalmente obtenida como fruto del árbol ponzoñoso.

El 7 de febrero de 2024, el Ministerio Público presentó su oposición a las mociones de supresión de evidencia. En síntesis, adujo que el testimonio del agente no era inherentemente irreal o estereotipado; ello, toda vez que no se limitaba a establecer los elementos mínimos necesarios para sostener las acusaciones. Añadió que tampoco contenía contradicciones, lagunas o vaguedades que ameritaran la supresión de la evidencia. De manera que solicitó que se declara sin lugar a las mociones de los coacusados.

Luego de varias incidencias procesales, innecesarias pormenorizar, el 6 de octubre de 2025, el TPI emitió la *Resolución* recurrida la cual se notificó al día siguiente. Mediante esta, declaró *Ha Lugar* -de manera conjunta- a las mociones de los coacusados.

En consecuencia, ordenó el desglose de la prueba y suprimió la evidencia ilegalmente obtenida.

Inconforme con lo determinado, el 22 de octubre de 2025, el Ministerio Público presentó, de manera individual, dos mociones de reconsideración sobre la antedicha *Resolución*. Es decir, en cada uno de estos petitorios hizo referencia a cada coacusado respectivamente.

Así las cosas, el 8 de diciembre de 2025, el TPI emitió una Resolución declarando *No Ha Lugar* a la *Moción en Reconsideración* a *Supresión de Evidencia* sobre lo determinado en cuanto al coacusado Adolfo Vázquez Sáez. Dicha determinación en singular, en su epígrafe se hizo referencia al caso núm. ISCR202300851. Más adelante, al final de la *Boleta de Notificación* que incluye el dictamen, se aclaró que la decisión se relaciona a los casos acumulados ISCR202300852, ISCR202300853, ISCR202300854, ISCR202300855, los que corresponden a las acusaciones del coacusado Adolfo Vázquez Sáez. Por lo que, no cabe duda de que el TPI no resolvió el pedido reconsideratorio referente al coacusado Luis Jabriel Irizarry López.

Aún en desacuerdo, el Ministerio Público recurre ante este foro apelativo mediante el recurso de *certiorari* de epígrafe imputándole al foro primario haber incurrido en los siguientes errores:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR HA LUGAR LA SOLICITUD DE SUPRESIÓN DE EVIDENCIA DE UN MATERIAL OBTENIDO MEDIANTE UNA ORDEN JUDICIAL DE REGISTRO QUE CUMPLE CON TODOS LOS REQUISITOS EXIGIDOS POR NUESTRO ORDENAMIENTO.

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL CONCLUIR QUE ES INSUFICIENTE LO INCLUIDO EN LA DECLARACIÓN JURADA QUE DIO BASE A LA ORDEN DE REGISTRO Y ALLANAMIENTO EXPEDIDA EN ESTE CASO.

En su escrito[1], el Ministerio Público señaló que recurre solo de la determinación sobre el coacusado Adolfo Vázquez Sáez, debido a que restaba por resolver la moción de reconsideración sobre el coacusado Luis Jabriel Irizarry López.

Examinado el recurso y, a tenor con la determinación arribada, prescindimos de la comparecencia de la parte recurrida, conforme nos faculta la Regla 7(B)(5) de nuestro Reglamento, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR ___, (2025).

**II.**

**La Jurisdicción**

El Tribunal Supremo de Puerto Rico ha reiterado en diversas ocasiones que los tribunales debemos ser celosos guardianes de nuestra jurisdicción. *Greene y otros v. Biase y otros,* 2025 TSPR 83, 216 DPR ___ (2025); *Mun. Río Grande v. Adq. Finca et al.,* 2025 TSPR 36, 215 DPR ___ (2025); *Cordero v. Oficina de Gerencia de Permisos y otros,* 187 DPR 445, 457 (2012); *Vázquez v. ARPe,* 128 DPR 531, 537 (1991); *Martínez v. Junta de Planificación,* 109 DPR 839, 842 (1980). Las cuestiones relativas a la jurisdicción, por ser privilegiadas, deben ser resueltas con preferencia a cualesquiera otras. *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007); *Morán v. Martí,* 165 DPR 356, 364 (2005); *Vega et al. v. Telefónica,* 156 DPR 584, 595 (2002). Una vez un tribunal entiende que no tiene jurisdicción solo tiene autoridad para así declararlo y, por consiguiente, desestimar el recurso. *Carattini v. Collazo Syst. Analysis, Inc.,* 158 DPR 345, 355 (2003).

La jurisdicción es el poder o la autoridad que posee un tribunal para considerar y decidir casos y controversias. *A.S.G. v. Municipio San Juan,* 168 DPR 337, 343 (2006); *Brunet Justiniano v.*

---

[1] Junto con su escrito presentó una *Moción Informativa y Solicitud de Autorización de Regrabación como Método de Prueba.*

*Gobernador,* 130 DPR 248, 255 (1992). Los tribunales deben cuidadosamente velar por su propia jurisdicción y abstenerse de asumirla donde no existe. *Vázquez v. ARPe,* supra. Es por ello que, como celosos guardianes de nuestro poder de intervención apelativa, si carecemos de jurisdicción para atender los méritos de un recurso **nuestro deber es así declararlo y sin más, proceder a desestimar**. *García Hernández v. Hormigonera Mayagüezana, Inc.,* 172 DPR 1, 7 (2007); *Carattini v. Collazo Syst. Analysis, Inc.,* supra.

De otro lado, un tribunal carece de jurisdicción para adjudicar una controversia cuando se presenta un recurso de forma prematura. Un recurso prematuro es aquel presentado en la secretaría de un tribunal antes de que el asunto esté listo para su adjudicación. De tal forma, un recurso prematuro, al igual que uno tardío, adolece del grave e insubsanable defecto de falta de jurisdicción y tiene que ser desestimado. *Padilla Falú v. A.V.P.,* 155 DPR 183, 192 (2001); *Rodríguez v. Zegarra,* 150 DPR 649, 654 (2000). Su presentación carece de falta de eficacia y no produce ningún efecto jurídico, pues en el momento de su presentación un foro apelativo no tiene autoridad judicial para acogerlo; menos para conservarlo con el propósito de luego reactivarlo en virtud de una moción informativa. *Juliá et al v. Epifanio Vidal, S. E.,* 153 DPR 357, 366 (2001).

En conformidad con la referida norma procesal, cabe destacar que, una vez se presenta una moción de reconsideración de manera oportuna y fundamentada, se interrumpe el término para recurrir al foro apelativo intermedio. *Pueblo v. Román Feliciano,* 181 DPR 679 (2011). En este caso el Tribunal Supremo tuvo la oportunidad armonizar el derecho penal y el civil, en cuanto a la interrupción del término, para recurrir en alzada ante la presentación de una moción de reconsideración sin resolver. Interpretando así la Regla 194 de las de Procedimiento Criminal, 34 LPRA Ap. II, que establece el

TA2026CE00016      6

procedimiento mediante el cual se puede formalizar un recurso apelativo en el ámbito penal, se mencionan los efectos de una moción de reconsideración sobre una *sentencia,* más no dispone nada sobre una *Resolución.*

Sin embargo, en el referido caso, el máximo foro expresó que era preciso dejar claro que una oportuna moción de reconsideración, de una resolución u orden interlocutoria en un proceso penal, interrumpe el término para acudir ante el Tribunal de Apelaciones mediante un recurso de *certiorari. Pueblo v. Román Feliciano,* supra, a la pág. 693.

Como corolario de lo antes expuesto, la Regla 83 del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. 115, 215 DPR ___, (2025), dispone lo siguiente:

> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
>
> (1) que el Tribunal de Apelaciones carece de jurisdicción;
>
> (...)
>
> (C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.

### III.

Nos corresponde, en primera instancia, atender el asunto relativo a la jurisdicción debido a que el mismo debe ser resuelto con preferencia a cualquiera otra cuestión, previo a entrar a considerar los méritos del recurso. Esto, aun cuando las partes no lo hayan argumentado o solicitado. *Carattini v. Collazo Systems Analysis, Inc.*, supra.

Como indicamos, surge del expediente electrónico y reconoce el Ministerio Público en el recurso ante nuestra consideración, que ante el foro primario hay una moción de reconsideración refutando lo dictaminado en la *Resolución* recurrida que no ha sido atendida.

Por tanto, conforme al derecho precedente, resulta forzoso colegir que el término para acudir ante esta *Curia* se encuentra interrumpido y comenzará a transcurrir una vez el foro primario emita el correspondiente dictamen resolviendo el pedido.  Toda vez que se recurre de un mismo dictamen.

En consecuencia, nos encontramos ante un recurso prematuro sobre el que no tenemos jurisdicción por lo que carecemos de autoridad para atender los méritos del mismo. Por lo que, nuestro deber es así declararlo y sin más, proceder a desestimar.

**IV.**

Por los fundamentos antes expuestos, se desestima el presente recurso por falta de jurisdicción ante su presentación prematura.

Notifíquese inmediatamente.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones